IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

v.

VICENTE CORY SAN NICOLAS MANTANONA
(*aka* CORY),
DOB: 04/24/1991

Defendant.

Criminal Case No. CF0393-25
GPD Report No. 25-14683

DECISION AND ORDER
DENYING
DEFENDANT'S MOTION
FOR JUDGMENT OF ACQUITTAL /
SETTING ASIDE GUILTY VERDICT

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on January 23, 2026 for hearing on Vicente Cory San Nicolas Mantanona's (*aka* Cory's) ("Defendant's") Motion for Judgment of Acquittal / Setting Aside Guilty Verdict ("Motion"). Assistant Attorney General Neil Bonavita represents the People, and Alternate Public Defender Tyler Scott represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

## BACKGROUND

Defendant was indicted on charges of Aggravated Assault (as a 2nd Degree Felony) and Family Violence (as a 3rd Degree Felony), with each charge accompanied by a Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony. See Indictment (Jun. 19, 2025). The charges stemmed from allegations that Defendant recklessly caused serious bodily injury to Joveena Benavente ("Victim") by smashing her head against a wall and hitting her with a guitar. Id.

Defendant asserted his right to speedy trial at his arraignment, starting the countdown on his speedy trial clock. See Order (Jun. 27, 2025).

Defendant later entered a plea of "Not Guilty by Reason of Mental Defect or Illness". See Motion to Change Plea (Jul. 7, 2025); People's Non-Opposition to Defendant's Motion to Change Plea (Jul. 22, 2025).

Decision and Order Denying Defendant's Motion for Judgment of Acquittal / Setting Aside Guilty Verdict
CF0393-25, *People of Guam v. Vicente Cory San Nicolas Mantanona*
Page 1 of 4

On July 22, 2025, Defendant underwent a forensic evaluation with Dr. Juan Rapadas of the Client Services and Family Counseling Division of the Superior Court of Guam. See Forensic Evaluation (Jul. 28, 2025). Following the 1.25-hour long interview, Dr. Rapadas found that Defendant was competent to be proceeded against because he could understand the nature and objectives of a trial and assist in his own defense. Id. at 5-6. This belief was based on Defendant's short and long-term memory, Defendant's ability to understand the questions asked of him, and Defendant's coherent responses throughout the forensic evaluation. Id. at 6. However, Dr. Rapadas also found that Defendant was suffering from mental illness at the time of the alleged offense which prevented him from controlling his actions or otherwise knowing/understanding what he was doing. Id. at 7. This belief was based on Defendant's schizophrenia diagnosis and multi-year history of auditory hallucinations. Id. at 7.

The People then requested a second opinion for another psychologist to examine Defendant and report upon his mental condition. See People's Motion for Competency Hearing (Sep. 22, 2025). This request was made in open court on September 23, 2025. See Minute Entry (Sep. 23, 2025).

The Court informed Defendant that the People's request for a second opinion would not toll the speedy trial clock, and that trial would proceed unless Defendant waived his right to a speedy trial. Id.

Defendant ultimately did not waive his right to a speedy trial, and a jury trial did proceed between September 29, 2025 through October 3, 2025. The jury subsequently returned verdicts of guilty for all charges and special allegations contained within the indictment. See Verdict Forms 1, 2, 6, 7 (Oct. 3, 2025).

On October 10, 2025, Defendant filed his Motion for Judgment of Acquittal / Setting Aside Guilty Verdict. Defendant believes he is entitled to a judgment of acquittal because the order of events prevented him from asserting an insanity defense. See Motion at 3 (Oct. 10, 2025).

On October 24, 2025, the People filed their Opposition to Defendant's Motion ("Opposition"). The People claim that Defendant had an opportunity to assert his insanity defense

Decision and Order Denying Defendant's Motion for Judgment of Acquittal / Setting Aside Guilty Verdict
CF0393-25, *People of Guam v. Vicente Cory San Nicolas Mantanona*
Page 2 of 4

during the trial but waived this defense when he failed to present any evidence on the issue. <u>See</u> Opposition at 2-3 (Oct. 24, 2025).

The Court held a hearing on January 23, 2026. After hearing the arguments of the parties, the Court took the matter under advisement.

<u>DISCUSSION</u>

I.   <u>Preliminary Law</u>:

9 G.C.A. § 7.16:  Defense: Mental Disease or Defect

> A person is not criminally responsible for conduct if at the time of such conduct, as a result of mental illness, disease or defect, he lacked substantial capacity to know or understand what he was doing, or to know or understand that his conduct was wrongful, or to control his actions.

9 G.C.A. § 7.22(a):  Same: Procedure for Assertion of

> Mental illness, disease or defect, precluding responsibility, is an affirmative defense which the defendant must prove by a preponderance of the evidence.

Under the insanity statute, it is ultimately up to the jury, as factfinders, to determine whether a defendant is not guilty by reason of insanity. <u>See</u> *People v. Jung*, 2001 Guam ¶ 24; <u>See also</u> GRE 704(b) ("the mental state or condition of a defendant in a criminal case ... are matters for the trier of fact alone").

II.   <u>Application</u>:

Here, Defendant failed to present any evidence supporting his assertion that he suffered from a mental disease or defect at the time of the assault. Furthermore, Defendant made no request for jury instructions establishing insanity as a defense for the jury's consideration. <u>See</u> Defendant's Proposed Jury Instructions (Sep. 26, 2025); Court Recording (Oct. 1, 2025).

Defendant had ample opportunity to prepare such a defense, but ultimately forfeited this defense when he failed to present any evidence supporting it. This opportunity was not blocked by Defendant's assertion of his speedy trial rights, as Defendant was informed that he could waive his assertion if he needed more time to prepare the defense.

Decision and Order Denying Defendant's Motion for Judgment of Acquittal / Setting Aside Guilty Verdict
CF0393-25, *People of Guam v. Vicente Cory San Nicolas Mantanona*
Page 3 of 4

Furthermore, a rational trier of fact could conclude that Defendant did have the mental capacity to commit the crimes charged based on the evidence presented. Evidence was presented that Defendant understood his actions because he engaged in conversations with multiple witnesses to the assault and reacted to the conversations accordingly.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion. Defendant waived his insanity defense when he failed to present any evidence of insanity to the jury and failed to request jury instructions regarding the defense. Defendant also cannot claim prejudice from the timeline of events because he was informed that he could waive his speedy trial assertion if he needed more time to prepare the defense. Furthermore, Defendant's Motion for Acquittal shall be denied because a rational trier of fact could conclude that Defendant had substantial capacity to commit the crimes charged given the evidence presented.

**IT IS SO ORDERED** this <u>April 20, 2026</u>.



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
_A o's  A t D_

APR 2 0 2026 Time: _11:41 a_

_Evan L. Topasna_
Deputy Clerk, Superior Court of Guam

Decision and Order Denying Defendant's Motion for Judgment of Acquittal / Setting Aside Guilty Verdict
CF0393-25, *People of Guam v. Vicente Cory San Nicolas Mantanona*
Page 4 of 4